D. Michael Dale, OSB 771507
michaeldale@dmichaeldale.net
Law Offices of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113-1032
Telephone: (503) 357-8290
Facsimile: (503) 946-3089

Attorney for Plaintiffs

FILED28 DEC '11 14:04USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| GILBERTO ALTAMIRANO, ARMANDO PALMENO; and MARCO SERRANO;<br><br>Plaintiffs,<br><br>v.<br><br>MUNOZ CONSTRUCTION, LLC, an Oregon limited liability company; and JUAN MUNOZ individually;<br><br>Defendants. | Case No. CV'11-1552-AC<br><br>COMPLAINT<br><br>Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*); Oregon Wage and Hour Laws; ORS § 701.128<br><br>DEMAND FOR JURY TRIAL |

## PRELIMINARY STATEMENT

1. Gilberto Altamirano, Armando Palmeno, and Marco Serrano ("Plaintiffs") bring this action against Munoz Construction, LLC ("the LLC") and Juan Munoz under the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") for unpaid wages. Plaintiffs seek overtime wages due to them under 29 U.S.C. §§ 207 and 216(b), and liquidated damages and attorney fees under 29 U.S.C. § 216(b).

COMPLAINT                                                                                           Page 1

#44632

2. Plaintiffs also allege unpaid wages, penalty damages and attorneys' fees under Oregon statutes (Or. Rev. Stat. §§ 652.140, 652.150, 652.200, 652.610, 652.615, and 653.261) against Defendants.

3. Plaintiff Gilberto Altamirano further brings a claim under ORS § 701.128 for damages caused by misrepresentations made by Defendant Juan Munoz concerning Altamirano's status as a construction contractor.

## JURISDICTION

4. Jurisdiction for the FLSA claims exists under 29 U.S.C. § 216(b). Jurisdiction also exists under 28 U.S.C. § 1337 for claims arising under a federal statute regulating commerce.

5. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Oregon state claims because the state claims are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

6. Gilberto Altamirano, Armando Palmeno, and Marco Antonio Serrano are natural persons who were employed by defendants to frame houses at 15623 SW Raphael Lane, Tigard OR, and at 20821 SW Edgemont St., Beaverton, OR.

7. Defendant Munoz Construction, LLC, is an Oregon limited liability company whose principal place of business is presently located in Cornelius, Oregon. The LLC jointly employed plaintiffs to frame houses at 15623 SW Raphael Lane, Tigard OR, and 20821 SW Edgemont St., Beaverton, OR.

8. At all material times, Juan Munoz, was the sole member and manager of the LLC.

Munoz managed the employment of plaintiffs on behalf of the LLC in the construction of houses at 15623 SW Raphael Lane, Tigard OR, and 20821 SW Edgemont St., Beaverton, Oregon.

## FACTS

9. Defendants employed Plaintiffs Gilberto Altamirano, Marco Antonio Serrano and Armando Palmeno to frame a house at 15623 SW Raphael Lane, Tigard OR, between April 7, and April 20, 2010.

10. Defendants employed Plaintiffs Gilberto Altamirano and Armando Palmeno to frame a house at 20821 SW Edgemont St., Beaverton, Oregon, between June 3, and June 22, 2010.

11. Plaintiffs worked the following number of hours for defendants between April 7, 2010 and June 22, 2010:

    a. Gilberto Altamirano     374

    b. Marco Antonio Serrano     187

    c. Armando Palmeno     374

12. Plaintiffs worked the following number of hours in excess of 40 hours a week for defendants between April 7, 2010 and June 22, 2010:

    a. Gilberto Altamirano     112

    b. Marco Antonio Serrano     56

    c. Armando Palmeno     112

13. Plaintiffs have received payment for the work on the two houses referred to above in the following amounts:

    a. Gilberto Altamirano     $2,800

      b.    Marco Antonio Serrano    $ 700

      c.    Armando Palmeño    $1,400

14. Plaintiffs were employed by defendants in interstate commerce.

## CLAIMS FOR RELIEF

### (First Claim - Violation of 29 U.S.C. § 207 (overtime))

15. Each of the plaintiffs worked more than forty hours per week in certain work weeks between April 7, 2010 and June 22, 2010.

16. The FLSA, 29 U.S.C. § 207, requires Defendants to pay Plaintiffs time and a half for time worked in excess of forty hours per week.

17. Plaintiffs were not paid time and a half for time worked in excess of forty hours per week.

18. Under 29 U.S.C. § 216(b), Plaintiffs are entitled to damages in the amount of their respective unpaid overtime wages and an amount equal to the unpaid overtime wages as liquidated damages.

19. Plaintiffs are entitled to their costs and reasonable attorney fees pursuant to 29 U.S.C. § 216(b).

### (Second Claim - Violation of ORS § 653.261; OAR 839-020-0030)

20. At all relevant times, Defendants were "employers" within the meaning of ORS §§ 653.010, *et seq*.

21. ORS § 653.261 and OAR 839-020-0030 require Defendants to pay Plaintiffs time and a half for time worked in excess of 40 hours per week.

22. Plaintiffs are each entitled, pursuant to ORS § 653.055, to penalty wages in the

amount of 240 times their hourly rate of pay.

23. Plaintiffs are entitled to costs and reasonable attorney fees pursuant to ORS § 653.055.

**(Third Claim - Violation of ORS § 653.025, 653.055)**

24. ORS § 653.025 requires Defendants to pay Plaintiffs at an hourly rate equal to or exceeding Oregon's minimum wage.

25. Plaintiffs did not receive at least the minimum wage for their work for Defendants.

26. Plaintiffs are entitled to unpaid minimum wages, penalty damages, costs and reasonable attorney fees pursuant to ORS § 653.055.

**(Fourth Claim - Violation of ORS § 652.140)**

27. ORS § 652.140 provides that all wages that have been earned but not paid become due and payable no later than at the next regularly scheduled payday after employment has terminated, or earlier if the employee was discharged or terminated by mutual agreement.

28. Defendants' nonpayment of wages was willful.

29. Plaintiffs are entitled to damages in the amount of their respective unpaid wages, and waiting time penalties under ORS §§ 652.140 and 652.150.

30. Plaintiffs are entitled to costs and reasonable attorney fees pursuant to ORS §§ 652.200(2) and 652.150.

**(Fifth Claim - ORS § 701.128)**

31. On August 23, 2010, and at other times, Defendant Juan Munoz, in his capacity representing the LLC, made false and misleading statements, *inter alia*, that Plaintiff Gilberto

Altamirano was acting as a construction contractor, had represented to Munoz that he was licensed and had been the employer of the other workers who were employed by defendants on the subject construction.

32. These statements were false and misleading, and were known by Munoz to be false and misleading.

33. As a result of these statements by Munoz, Plaintiff Altamirano has been charged with violating laws of the State of Oregon.

34. As a further result of the conduct alleged above, Plaintiff Altamirano has suffered inconvenience, embarrassment, humiliation and great mental anguish.

35. ORS § 701.128 entitles Plaintiff Altamirano to recover his damages, costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment as follows:

1. Declare that Defendants have violated the Fair Labor Standards Act and applicable Oregon law by failing to pay wages to Plaintiffs, as alleged;

2. Award Plaintiffs damages as a result of Defendants' failure to pay wages to Plaintiffs, including liquidated damages and penalties;

3. Award Plaintiffs pre-judgment and post-judgment interest, as provided by law;

4. Award Plaintiffs the cost of maintaining this suit, including reasonable attorney fees

5. Award Plaintiff Altamirano $20,000 in damages for emotional distress; and

6. Grant such other relief as this Court deems just and proper.

DATED this 27th day December, 2011.

_____
D. MICHAEL DALE
OSB # 771507
(503) 357-8290
michaeldale@dmichaeldale.net

Attorney for Plaintiffs